CORNELIA G. KENNEDY, Circuit Judge.
 

 Melvin Beene Produce Company (Beene) appeals a revocation of its license under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a et
 
 seq.
 
 The Secretary of Agriculture’s revocation of Beene’s license resulted from a complaint, filed on August 31, 1981, alleging that Beene had violated 7 U.S.C. § 499b(4) by failing to make full and prompt payment to fourteen sellers for some 227 lots of perishable agricultural commodities. The violations had occurred between May 1979 and August 1980. The complaint further alleged that Beene’s violations were willful, flagrant, and repeated. The agency sought revocation of Beene’s license pursuant to 7 U.S.C. § 499h(a).
 

 The case was heard by an Administrative Law Judge who found that Beene had willfully, flagrantly, and repeatedly violated 7 U.S.C. § 499b(4). Accordingly, she ordered a ninety-day suspension of Beene’s PACA license. The agency appealed this decision to a Judicial Officer, who also found that Beene had committed willful, flagrant, and repeated violations of PACA and ordered that its license be revoked. We affirm the Judicial Officer’s decision.
 

 Beene makes three arguments on appeal:
 

 (1) The Secretary of Agriculture lacked subject matter jurisdiction to revoke Beene’s license because the complaint was untimely.
 

 
 *349
 
 (2) Revocation of Beene’s license in lieu of a ninety-day suspension was inappropriate under the circumstances and constituted an impermissible failure on the Judicial Officer’s part to use discretion in dispensing sanctions.
 

 (3) The revocation of its license by an Administrative Law Judge and a Judicial Officer who are not Article III judges is unconstitutional.
 

 All these claims are without merit.
 

 I.
 

 It is uncontested that Beene violated 7 U.S.C. § 499b(4). PACA provides for two different types of suits which may be filed for such a violation. Section 499e provides for a reparations action for damages incurred by any person injured by virtue of a § 499b violation,
 
 [1]
 
 while § 499h provides for disciplinary actions brought by the Secretary of Agriculture for such violations.
 
 [2]
 
 This action was brought under the latter section.
 

 Section 499f sets out a procedure for complaints of § 499b violations. Section 499f(a) provides:
 

 Any person complaining of any violation of any provision of section 499b of this title by any commission merchant, dealer, or broker may,
 
 at any time within nine months after the cause of action accrues,
 
 apply to the Secretary by petition, which shall briefly state the facts, whereupon, if, in the opinion of the Secretary, the facts therein contained warrant such action, a copy of the complaint thus made shall be forwarded by the Secretary to the commission merchant, dealer, or broker, who shall be called upon to satisfy the complaint, or to answer it in writing, within a reasonable time to be prescribed by the Secretary.
 

 (Emphasis added.)
 

 The complaint in this case was filed more than nine months after the time period during which the violations occurred. The question here is whether this time limit applies to disciplinary actions by the Secretary under § 499h, or only to reparations proceedings under § 499e.
 

 We find that the nine-month limit applies only to reparations actions under § 499e, and that the Secretary did not lack subject matter jurisdiction here. First, the language of § 499f(a) states that any person complaining of a § 499b violation may
 
 apply to the Secretary within nine months
 
 after the cause of action accrues. Semantically, the nine-month limit does not apply to actions by the Secretary, only to complaints directed to him. This is borne out by the fact that all of the cases cited by Beene holding the time limit to be a jurisdictional prerequisite to action by the Secretary of Agriculture under the statute involve § 499e reparations actions, not disciplinary actions by the Secretary.
 
 [3]
 

 
 *350
 
 We believe that subsection 499f(b), which does not contain a nine-month time limit, supplies the procedure for disciplinary actions under § 499h. Subsection 499f(b) states:
 

 Any officer or agency of any State or Territory having jurisdiction over commission merchants, dealers, or brokers in such State or Territory and any employee of the United States Department of Agriculture or any interested person may file, in accordance with the rules and regulations of the Secretary, a complaint of any violation of any provision of this chapter by any commission merchant, dealer, or broker, and may request an investigation of such complaint by the Secretary.
 

 This conclusion is consistent with other language in the statute. Section 499m(b), provides that the Secretary, in order to insure compliance with the prompt payment provision of § 499b(4), “shall from time to time inspect the accounts, records, and memoranda of any commission merchant, dealer, or broker
 
 determined in a formal disciplinary proceeding under § 499f(b)
 
 of this title to have violated such provision.” (Emphasis added.) The statute thus indicates that the procedure for disciplinary actions is set out in § 499f(b), and not § 499f(a).
 

 A recent decision of the District of Columbia Circuit,
 
 Finer Foods Sales Co. v. Block,
 
 708 F.2d 774 (D.C.Cir.1983), supports our view. While
 
 Finer Foods
 
 does not address the precise question of whether the time limit applies to § 499h disciplinary actions, it does hold that another clause of § 499f(a) applies only to reparations proceedings and not to disciplinary actions. The Court examined subsections (a), (b) and (c) of '§ 499f and concluded:
 

 These subsections do not expressly state which of them applies to reparations proceedings, which to disciplinary proceedings, and which to both. Analysis of their language and structure, however, indicates that the requirement in [§ 499f(a)] for the filing and serving upon the licensee of an informal complaint of a third person .. . applies only in reparations proceedings and not in disciplinary proceedings.
 

 Id.
 
 at 780.
 

 Beene argues that if the nine-month time limit were read not to apply to disciplinary actions by the Secretary, then there would be no statute of limitations on the Secretary’s disciplinary "power. We see no serious problems with this situation. The doctrine of laches does apply to the Secretary. Moreover, this is not the only instance in which Congress has chosen not to put a statutory time limit on the Secretary of Agriculture’s disciplinary power.
 
 See, e.g.,
 
 Packers and Stockyards Act of 1921, 7 U.S.C. § 181
 
 et seq.
 

 [4]
 

 The statute itself and the case law point to our conclusion that the nine-month time limit does not apply to actions by the Secretary under § 499h.
 

 II.
 

 Beene next argues that revocation of its license was inappropriate under the circumstances. It argues that the Judicial Officer impermissibly refused to exercise discretion in dispensing Beene’s sanction, that the Judicial Officer was in error in this and should have used his discretion not to revoke Beene’s license. We disagree.
 

 The choice of sanctions imposed by the Secretary of Agriculture through his Judicial Officer may not be overturned unless it is unwarranted in law or without justification in fact.
 
 Butz v. Glover Livestock Commission Co., Inc.,
 
 411 U.S. 182, 185-86, 93 S.Ct. 1455, 1457-58, 36 L.Ed.2d
 
 *351
 
 142 (1973);
 
 American Fruit Purveyors, Inc. v. United States,
 
 630 F.2d 370, 373 (5th Cir.1980) (per curiam),
 
 cert. denied,
 
 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981). This is not the case here.
 

 Beene misreads the Judicial Officer’s opinion. Beene in its brief quotes portions of the Judicial Officer’s opinion as support for its contention that the Judicial Officer refused to exercise any discretion in imposing a sanction. However, the Judicial Officer says only that he has no discretion to consider mitigating circumstances in deciding whether Beene violated PACA, and whether it did so willfully. He does not address the question of discretion in dispensing sanctions.
 

 The Secretary is authorized, under 7 U.S.C. § 499h(a), to revoke a PACA license for flagrant or repeated violations of § 499b. Both the Administrative Law Judge and the Judicial Officer found that Beene had committed such violations, and Beene does not challenge this on appeal. Beene went into bankruptcy after failing to pay for the 227 lots of perishable produce. This does not, however, have any effect on the Secretary’s power to revoke Beene’s license. As the Judicial Officer explains at length, Congress specifically amended § 525
 
 [5]
 
 of the 1978 Bankruptcy Law in order to authorize continuation of the Secretary’s license revocation authority under PACA when the violations involve debts dischargeable in bankruptcy.
 

 Far from denying that he had discretion regarding the license revocation, the Judicial Officer carefully examined the evidence that Beene put forward as justification for a more lenient penalty. Beene presented unsworn petitions by five of its fourteen unpaid sellers, asking for leniency for Beene. The Judicial Officer noted that the petitions had no probative value, first, because they were unsworn, and second, because Beene’s creditors had an interest in Beene’s staying in business, hoping that it would eventur lly be able to make full payment. Beene presented no testimony or other evidence of mitigating circumstances. The Judicial Officer justified the revocation of Beene’s license saying: “If lenient sanctions were imposed in the case of serious and flagrant violations of the Act for the benefit of a few of respondent’s creditors, the sanctions would not have a strong deterrent effect and, therefore, such a policy would be contrary to the public interest.”
 

 III.
 

 Appellant also urges that the administrative mechanism for dispute resolution between a licensee and its creditors in which a money judgment may be entered against the licensee for unpaid sums is an unconstitutional exercise of judicial power. Relying upon
 
 Northern Pipeline Construction Co. v. Marathon Pipeline Co.,
 
 458 U.S. 50, 67, 102 S.Ct. 2858, 2869, 73 L.Ed.2d 598 (1982), Beene argues that the right to recover contract damages is a state-created private right which can only be enforced in an Article III court. However, we are concerned here only with a public right controversy, whether Beene’s license should be revoked. The Supreme Court in
 
 Marathon
 
 specifically recognized licenses as examples of public rights which are within the province of administrative agencies without violating Article III.
 

 The Judicial Officer’s revocation was not unwarranted in law or without justification in fact, and therefore cannot be overturned. Accordingly, the judgment of the Judicial Officer revoking Beene’s license is affirmed.
 

 [1]
 

 . Section 499e provides, in part:
 

 (a) If any commission merchant, dealer, or broker violates any provision of section 499b of this title he shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of such violation.
 

 (b) Such liability may be enforced either (1) by complaint to the Secretary as hereinafter provided, or (2) by suit in any court of competent jurisdiction.
 

 [2]
 

 . Section 499h(a) provides, in part:
 

 (a) Whenever (a) the Secretary determines, as provided in section 499f of this title, that any commission merchant, dealer, or broker has violated any of the provisions of section 499b of this title ... the Secretary may publish the facts and circumstances of such violation and/or by order, suspend the license of such offender for a period not to exceed ninety days, except that, if the violation is flagrant or repeated, the Secretary may, by order, revoke the license of the offender.
 

 [3]
 

 .Cooper v. Caro & Longo Wholesale Produce Co.,
 
 40 Agric.Dec. 454 (1981);
 
 Bar-Well Foods Ltd. v. Valley Packing Service International,
 
 39 Agric.Dec. 1200 (1980);
 
 Maggio, Inc. v. First National Stores, Inc.,
 
 39 Agric.Dec. 1179 (1980);
 
 Kaplan’s Fruit & Produce Co. v. Jim Weatherford Co.,
 
 37 Agric.Dec. 812 (1978), holding that the Secretary of Agriculture had no subject matter jurisdiction to revoke its PACA license, are all actions by sellers for reparations.
 

 We find additional support in the margin notation to section 6(a), Perishable Agricultural Commodities Act, ch. 436, 46 Stat. 531 (1930). This was the original enacted version of PACA
 
 *350
 
 7 U.S.C. § 499f(a), and is identical to the present provision. The margin notation reads:
 

 Complaint and investigation.
 

 Petition of
 
 individual complainant
 
 to the Secretary.
 

 (Emphasis added.)
 

 [4]
 

 . 7 U.S.C. § 193(a) gives the Secretary the power to require a packer to attend and testify at a hearing “[w]henever the Secretary has reason to believe that any packer has violated or is violating any provision of this subchapter .... ” The Secretary may assess a penalty of up to $10,000 for each violation, pursuant to 7 U.S.C. § 193(b).
 

 [5]
 

 . The section provides in pertinent part:
 

 Except as provided in the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499a-499s)
 
 ... a governmental unit may not deny, revoke, suspend, or refuse to renew a license ... [to] a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act .... ”
 

 11 U.S.C. § 525 (emphasis added). For a discussion of the rationale for this exemption for PACA, see 123 Cong.Rec. 35,671-72 (1977).