# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2013

No. 12-60816
Summary Calendar

Lyle W. Cayce
Clerk

MEZA SIERRA ENTERPRISES, INCORPORATED,

Petitioner

v.

DEPARTMENT OF AGRICULTURE,

Respondent

Petition for Review of an Order
of the Department of Agriculture
D-10-0250

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Respondent Secretary of Agriculture ("the Secretary") moved to revoke the perishable commodities merchant license of Petitioner Meza Sierra Enterprises, Inc. ("Meza Sierra") for its willful, flagrant, and repeated failure to pay for perishable agricultural commodities purchased in interstate commerce. The Administrative Law Judge ("ALJ") found that it possessed subject matter jurisdiction to adjudicate the dispute and that it was proper for it to take official

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60816

notice of the facts found in a parallel Texas state court proceeding, and accordingly revoked Meza Sierra's license. Finding no error, we DENY the petition for review.

I.

This appeal stems from the alleged failure of Meza Sierra to pay Kingdom Fresh Produce, Inc. ("Kingdom Fresh") $215,385 for tomatoes it purchased and received between November 2008 and January 2009.

Meza Sierra is a Texas corporation licensed by the Department of Agriculture to participate in the wholesale market for perishable agricultural commodities under the Perishable Agricultural Commodities Act ("PACA"). 7 U.S.C. §§ 499a-499s. From November to December of 2008, Meza Sierra placed a series of orders—twelve lots in total—for tomatoes from Kingdom Fresh, which Kingdom Fresh successfully delivered in accordance with the terms of the orders. Kingdom Fresh, however, alleged that Meza Sierra never paid for any of the delivered lots and filed suit against Meza Sierra for breach of contract in Texas state court. The Deputy Administrator,[1] acting on behalf of the Secretary, also filed an administrative complaint alleging that Meza Sierra failed to pay Kingdom Fresh for the twelve lots of tomatoes in violation of 7 U.S.C. § 499b(4).[2] Under the authority of 7 U.S.C. § 499h(a), the Deputy Administrator petitioned the ALJ to permanently revoke Meza Sierra's license for its flagrant and repeated PACA violations.

---

[1] Deputy Administrator, Fruit and Vegetable Programs, Agricultural Marketing Service, United States Department of Agriculture

[2] The Deputy Administrator also alleged Meza Sierra failed to pay a separate grower, Grand Produce LTD Co. The ALJ ultimately dismissed the claim pertaining to Grand Produce LTD Co. with prejudice.

No. 12-60816

In lieu of a hearing, the ALJ took official notice of records from the suit between Meza Sierra and Kingdom Fresh in Texas state court.[3] From these records, the ALJ determined that (a) the tomatoes at issue in the Texas state court proceeding were the same tomatoes at issue in the Deputy Administrator's complaint, (b) the Texas state court suit was fully litigated, and (c) Meza Sierra had in fact failed to pay Kingdom Fresh the agreed purchase price of $215,385 for the twelve lots of tomatoes it received. The ALJ ruled that Meza Sierra's failure to pay Kingdom Fresh constituted repeated and flagrant violations of 7 U.S.C. § 499b(4) and ordered the permanent revocation of Meza Sierra's PACA license. Meza Sierra appealed this ruling to the Secretary. The Judicial Officer ("JO"), acting on behalf of the Secretary, affirmed the ALJ's order revoking Meza Sierra's license.[4] The JO rejected Meza Sierra's claims that the ALJ lacked jurisdiction to adjudicate this case and that the ALJ improperly took official notice of the proceedings in Texas state court. Meza Sierra now petitions this court to review that judgment.

II.

Our review of the Department of Agriculture's decision under PACA is limited to the question of whether it was "arbitrary, capricious, or an abuse of discretion." *Faour v. U.S. Dep't of Agric.*, 985 F.2d 217, 219 (5th Cir. 1993)(citing 5 U.S.C. § 706(2)(A)). We will also uphold an agency's interpretation of its own regulations unless it is "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989)).

III.

---

[3] Cause No. C-1990-09A in the District Court, 92nd Judicial District, Hidalgo County.

[4] The JO vacated the ALJ's alternative sanction, which ordered the publication of the events surrounding Meza Sierra's PACA violation, because the Deputy Administrator did not seek this sanction in its complaint.

3

No. 12-60816

A.

Meza Sierra first argues that the ALJ lacked jurisdiction to adjudicate this case because the Department of Agriculture's Rules of Practice Governing Formal Adjudicatory Proceedings ("Rules of Practice") were inapplicable to the Deputy Administrator's complaint. *See* 7 C.F.R. §§ 1.130-1.151.

The Rules of Practice comprise the procedural rules governing an adjudicative proceeding instituted by the Secretary and include the rules of procedure before an ALJ. *Id.* According to § 1.131(a) of the Rules of Practice, however, the rules only apply to a PACA adjudicatory proceeding if the Deputy Administrator brings the proceeding under the following exclusive list of statutes: 7 U.S.C. §§ 499a(b)(9), 499c(c), 499d(d), 499f(c), 499h(a), 499h(b), 499h(c), 499h(e), 499i, and 499m(a). Meza Sierra contends that because the only provision of PACA which it allegedly violated, § 499b(4), is not listed in § 1.131(a) of the Rules of Practice, the Rules of Practice are inapplicable to this case.

This argument ignores the structure of PACA's administrative enforcement scheme. As the Deputy Administrator's complaint makes clear, it is moving to revoke Meza Sierra's license "pursuant to section 8(a) of the PACA (7 U.S.C. § 499h(a))," a statute which § 1.131(a) of the Rules of Practice explicitly enumerates and under which a violation of § 499b is an element. Section 499h(a) provides in pertinent part,

> Whenever . . . the Secretary determines, as provided in section 499f of this title, that any commission merchant, dealer, or broker has violated any of the provisions of section 499b of this title . . . the Secretary may . . . by order, revoke the license of the offender.

7 U.S.C. § 499h(a).

A violation of § 499b is thus a prerequisite to license revocation under § 499h(a). However, if the ALJ were not empowered to adjudicate violations of § 499b, then it could never revoke a license under § 499h(a). We decline to adopt

4

an interpretation of the Rules of Practice that would render one of its provisions void.[5] The Deputy Administrator's complaint asserts that Meza Sierra violated § 499b(4) by failing to pay Kingdom Fresh for twelve lots of tomatoes,[6] and unambiguously petitions the ALJ to revoke Meza Sierra's PACA license for its violations pursuant to § 499h(a). Because § 1.131(a) of the Rules of Practice identifies § 499h(a) in its list of applicable statutes, the Rules of Practice apply to this case.

Meza Sierra in turn submits that the Deputy Administrator's reliance on §499h(a) was premature. Specifically, Meza Sierra argues that § 499h(a) only grants the ALJ the power to revoke a license *after* there has been a separate administrative determination that a person has violated § 499b. Thus, Meza Sierra contends that invoking § 499h(a) in the initial complaint effectively presumed a § 499b determination which had not yet occurred.

This argument, though artful, misconstrues the wording of the statute. Section 499h(a) states only that "Whenever . . . the Secretary determines . . . that any commission merchant, dealer, or broker has violated any of the provisions of section 499b . . . , the Secretary may, by order, revoke the license of the offender." Nothing in this language supports a requirement that there must be some separate ALJ or administrative determination of § 499b liability before the Secretary can file a formal complaint to revoke a merchant's PACA license. While a finding of § 499b liability is a prerequisite to final revocation of

---

[5] *See Corley v. United States*, 556 U.S. 303, 315 (2009) (finding that "one of the most basic interpretive canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (internal quotation marks omitted)).

[6] Section 499b(4) makes it illegal to "fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had." 7 U.S.C. § 499b(4). Under 7 C.F.R. §46.2(aa)(11), a buyer fails to make "full payment promptly" if it has not paid the grower within the time indicated by a written agreement between the parties.

No. 12-60816

a license under § 499h(a), it is not a prerequisite to the mere institution of license revocation proceedings. The ALJ's decision to revoke Meza Sierra's license under § 499h(a) was therefore proper.[7]

B.

Meza Sierra next argues that the ALJ improperly took official notice of documents from the state court suit before the Texas District Court, 92nd Judicial District, and the Court of Appeals, 13th District of Texas. Those documents establish that Kingdom Fresh obtained a judgment for the purchase price of $215,385 for tomatoes which Meza Sierra had purchased but failed to pay Kingdom Fresh. Meza Sierra alleges, however, that there has not been a final judgment in this suit and consequently it was improper for the ALJ to take official notice of any documents stemming from the suit.[8]

Meza Sierra's contention hinges on what it alleges to be a post-judgment order issued by the Texas state court vacating its judgment against Meza Sierra.

---

[7] Meza Sierra also argues that the Secretary failed to make its determination in accordance with § 499f, as required by § 499h(a), because Kingdom Fresh as the injured party never filed a formal complaint. However, § 499f requires the injured third party to file a complaint within nine months only if the injured party wants to initiate a reparation proceeding, i.e., file a federal PACA claim to compel the delinquent party to pay for the delivered agriculture goods. *See* 7 U.S.C. § 499f(a)(1) ("*Any* person complaining of any violation of any provision of section 499b of this title . . . at any time within nine months after the cause of action accrues [may petition the Secretary to file a complaint].") (emphasis added); *Finer Foods Sales Co. v. Block*, 708 F.2d 774, 780–81 (D.C. Cir. 1983) (concluding that 7 U.S.C. §499f does not require the injured party to file a complaint unless it chooses to initiate reparation proceedings). But this is not a reparation proceeding because Kingdom Fresh sought pecuniary relief in state court and the Secretary seeks here only to revoke Meza Sierra's PACA license. *See also Melvin Beene Produce Co. v. Agric. Mktg. Serv.*, 728 F.2d 347, 349 (6th Cir. 1984)("We find that the nine-month limit applies only to reparations actions . . . not disciplinary actions by the Secretary.").

[8] An ALJ may take official notice of "such matters as are judicially noticed by the courts of the United States and of any matter of technical, scientific, or commercial fact of established character." 7 C.F.R.§ 1.141(h)(6). Meza Sierra does not contest whether § 1.141(h)(6) provided the ALJ with sufficient authority to take official notice of records from a state court proceeding.

No. 12-60816

Responding to Meza Sierra's Motion to Reconsider the court's summary judgment in favor of Kingdom Fresh, the court issued an order on May 18, 2010, which, due to handwritten alterations to the order, appeared to simultaneously both grant and deny the Motion to Reconsider. Meza Sierra has interpreted this conflicting order as an abatement of the summary judgment that rendered all subsequent decisions in Texas state court a legal nullity.

The full record belies this contention. On April 19, 2010, the 92nd Texas Judicial District issued a Final Summary Judgment in favor of Kingdom Fresh. Though the same court's May 18, 2010 ruling on Meza Sierra's Motion to Reconsider the summary judgment was indeed ambiguous, a May 28, 2010 order clarified the May 18 ruling by unequivocally denying reconsideration of the summary judgment. Though Meza Sierra moved to vacate the May 28, 2010 order, the court denied the motion on September 15, 2010, ruling that the May 28, 2010 motion should remain in full effect. Meza Sierra appealed the summary judgment, but the Texas court of appeals dismissed the appeal for untimely filing.

Both the May 28, 2010 order and the September 15, 2010 order confirm that the ambiguous May 18, 2010 order denied, rather than granted, Meza Sierra's motion to reconsider the summary judgment. With the trial court's rulings unanimously in favor of Kingdom Fresh, the Texas appellate court's denial of Meza Sierra's appeal means that the Texas state court suit of which the ALJ took notice was fully litigated and therefore the ALJ's official notice of facts in those proceedings was proper.

IV.

For the reasons more fully set forth above, the petition for review is DENIED.